United States District Court
Southern District of Texas
**ENTERED**
October 15, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:12-418-7(S) |
| | § | |
| RAMON ZAMORA, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Ramon Zamora's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1) (D.E. 1071), to which the United States of America (the "Government") has responded (D.E. 1074) and Defendant has replied (D.E. 1078). For the reasons stated below, Defendant's motion is **DENIED**.

## I. BACKGROUND

Between 2010 and 2012, Defendant was involved in a conspiracy of at least a dozen individuals to smuggle more than 30,000 kilograms of marijuana from Mexico into the United States. Defendant was employed as a worker at a ranch near the border and often oversaw the transport and storage of drugs on the ranch. He also participated in counter-surveillance and was to alert his coconspirators as to the activities of the U.S. Border Patrol. Evidence presented at sentencing showed that Defendant carried a handgun with him during transactions related to the drug trafficking conspiracy.

Defendant's original 360-month sentence for conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana was reduced to 292 months under Amendment 782 to the U.S. Sentencing Guidelines. He has served roughly 100 months

1

(34%) of his 292-month sentence and has a projected release date, after good time credit, of April 1, 2033.

Defendant previously moved the Court for compassionate release based on a debilitating medical condition. The Court denied the motion because: (1) Defendant had not offered any evidence supporting his claims of medical debilitation or identified the "medical issues" from which he allegedly suffers, and (2) he failed to demonstrate that he is not a danger to society if released. D.E. 1038, 1040.

Defendant now moves the Court to reduce his sentence to time served and/or order his release to home confinement because his underlying medical conditions (obesity, type II diabetes, hypertension, and hyperlipidemia) make him particularly vulnerable to severe illness or death should he contract COVID-19 while in prison. On June 22, 2020, Defendant submitted an administrative request for compassionate release in light of his underlying health conditions and the ongoing COVID-19 pandemic. The warden of FCI Big Spring denied Defendant's request on July 27, 2020, explaining that his concerns about potentially contracting COVID-19 did not currently warrant early release and that he was ineligible for home confinement because he has a deportation order from Immigration and Customs Enforcement.

**II. LEGAL STANDARD**

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.—**
> The court may not modify a term of imprisonment once it has been imposed except that—

2

>   (1) in any case—
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>       (i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The applicable United States Sentencing Commission policy statement provides that extraordinary and compelling reasons for early release exist where:

>   **(A) Medical Condition of the Defendant.—**
>
>   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>   (ii) The defendant is—
>
>     (I) suffering from a serious physical or medical condition,
>     (II) suffering from a serious functional or cognitive impairment, or
>     (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

  **(B) Age of the Defendant. –**

    The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

  **(C) Family Circumstances. –**

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

  **(D) Other Reasons. –**

    As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

    Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and

characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7).

> With respect to motions for compassionate release based on COVID-19:
>
> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

5

**III. ANALYSIS**

Defendant is 59 years old and suffers from type II diabetes, hypertension, hyperlipidemia, and morbid obesity. He is bound to a wheelchair and unable to walk or stand for any length of time, but he can use his legs and feet to move the wheelchair. He also suffers from edema and exertional dyspnea (shortness of breath during physical activity). Defendant states that the combined effects of these conditions heighten his risk of severe illness or death if he contracts COVID-19, which is more likely in a prison setting due to his inability to practice social distancing or undertake other protective measures. According to the Centers for Disease Control and Prevention, adults of any age who are obese or have type II diabetes are at an increased risk of severe illness from COVID-19, and adults with hypertension might be at an increased risk. *People with Certain Medical Conditions*, CDC (Oct. 6, 2020), https://www.cdc.gov/coronavirus/ 2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

The Government acknowledges that Defendant is at an increased risk for severe illness from COVID-19 by virtue of his underlying medical conditions, but argues that he could mitigate his recently-onset diabetes and obesity—caused by eating "a lot of candies from commissary"—and therefore lessen his susceptibility to the harmful effects of COVID-19, by following his healthcare providers' advice regarding diet and weight loss. *See* D.E. 1071-3. The Government further argues that Defendant's role as a gun-carrying lookout for a large-scale drug conspiracy, combined with his ownership of an array of weaponry, prove he is a public safety risk. The Court agrees.

As previously recognized in the Court's Memorandum Opinion & Order denying Defendant's prior motion for compassionate release:

> Defendant's sentence was enhanced because he carried a handgun with him during transactions related to the drug trafficking conspiracy. According to his Presentence Investigation Report, agents also seized the following items from Defendant's residence during the execution of a search warrant: "one hand grenade (not active) and 46 firearms, which included several assault rifles, a Thompson submachine gun, a tech9 submachine gun, and numerous handguns, magazines for the assorted firearms, two ballistic vests, assorted rounds of ammunition, four ounces of marihuana, night vision goggles, a steel baton, and handcuffs." D.E. 533, ¶ 41.
>
> . . . [T]he Court finds that Defendant has failed to meet his burden of showing . . . that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *See* USSG § 1B1.13.

D.E. 1040, p. 5.

The Court has not altered its opinion that Defendant poses a danger to the safety of the community if released. The Court further finds that, while Defendant is at an increased risk of severe illness should he contract COVID-19, the § 3553(a) factors, as considered in the specific context of the facts of his case, do not warrant a reduction in his sentence. Specifically, releasing Defendant more than 16 years early, when he has served a third of his sentence, would not would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1) (D.E. 1071) is **DENIED**.

**ORDERED** on this 15th day of October 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE